NIXON UNIFORM SERVICE, INC.,
Gann Corporation, a division of
Nixon Uniform Service, Inc.

v.

AMERICAN DIRECTORY SERVICE
AGENCY, INC.

Civ. No. S 88–955.

United States District Court,
D. Maryland.

Sept. 8, 1988.

any recovery of damages under the Fair Labor

Melvyn J. Weinstock, Weinberger, Weinstock, Sagner, Stevan & Harris, Pa., Baltimore, Md., for plaintiffs.

Donald C. Allen, Allen, Thieblot & Alexander, Baltimore, Md., for defendant.

MEMORANDUM

SMALKIN, District Judge.

This matter is before the Court on the defendant's motion for summary judgment against the plaintiffs as to both of plaintiffs' claims in chief and, in its own favor, as to the counterclaim. The plaintiffs have duly opposed the motion, and no reply has been received from the defendant within the time set by Local Rule 6.

The principal claims in this case arise from defendant's alleged failure to place certain advertising in telephone directories, as per its contract with the plaintiffs. In a two-count complaint, alleging one count of negligence and one count of breach of contract, the plaintiffs claim damages of $142,-857.00. These claimed damages represent loss of profits allegedly caused by the defendant's breaches.

The contract in question includes a clause limiting liability as follows:

7. With respect to any error or omission in the publication or of failure to publish any item of advertising in any directory, the liability of ADS Agency, the various Publishers and their respective agents and employees in the performance of their responsibilities under this Agreement shall be limited to the charges for the publication in such directory of the item of advertising involved, excluding charges for artwork, engravings, electrotypes or veloxes; provided, however, that no adjustment shall be made in any advertising charges for reason of suspension or termination of telephone service.

Defendant contends that, under Maryland law, this clause effectively limits its liability to an amount, yet to be determined, representing erroneous billings, but in no event allows recovery for the kind of consequential damages that plaintiffs seek in

Standards Act.

both counts of their complaint. Defendant also contends that plaintiffs owe it a liquidated sum of $20,798.25 which remains unpaid on the parties' advertising contract.

Because this is a diversity case, the Court must apply the law of Maryland, including its choice of law rules, should there be a choice of law question presented. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In this case, both parties have briefed the questions presented on the basis of Maryland's substantive law, and the Court sees no reason to apply any substantive law other than that of Maryland to the contract and tort claims in question.

There are no factual issues pertinent to the defendant's motion on the principal claims that are in genuine dispute, and only questions of law arise. Therefore, if defendant is clearly entitled to judgment in its favor as a matter of law, summary judgment is appropriate. Fed.R.Civ.P. 56(c).

■ Turning to Count One of the complaint, the Court notes that defendant is clearly entitled to judgment in its favor. The Court finds that there is no separate cause of action stated for negligence, the relationship of the parties being purely contractual. *Flow Indus. v. Fields Constr. Co.,* 683 F.Supp. 527, 530 (D.Md.1988). In that the essence of the relationship was contractual, and the essence of the claimed dereliction by defendant was failure to perform the contract, only contract damages are recoverable. *Baird v. C & P Tel. Co. of Baltimore,* 208 Md. 245, 258–59, 117 A.2d 873 (1955). There are no special circumstances or special relationships surrounding or attending this transaction sufficient to give rise to a tort action under Maryland law. *See Jacques v. First Nat'l. Bank,* 307 Md. 527, 534–35, 515 A.2d 756 (1986). Consequently, the defendant is entitled to summary judgment as to Count One of the complaint.

■ Turning to the remaining count, alleging breach of contract, the Court finds that, under Maryland law, the contractual limitation on liability is valid and enforceable. *Baird,* 208 Md. at 256–57, 515 A.2d 756. Although *Baird* is venerable authority, it has not been questioned on this point. As recently as 1986, it was cited, along with cases from almost 30 other jurisdictions, as good, current law recognizing the validity and enforceability of a contractual limitation of damages virtually *in haec verba* as compared to the one here in suit. *See Helms v. Southwestern Bell Tel. Co.,* 794 F.2d 188, 192 n. 9 (5th Cir.1986). Furthermore, plaintiffs' citations to U.C.C. § 2–719 are quite beside the point, in that Article 2 of the U.C.C. applies only to transactions in goods, not to service agreements. U.C.C. §§ 2–102, 2–105(1). Consequently, the Court holds that defendant is entitled to partial summary judgment as to Count Two, in the form of an order limiting damages to those provided for in the contract, and ruling out recovery of consequential damages.*

Turning to defendant's motion for summary judgment on its counterclaim, that motion must be denied, without prejudice. The plaintiffs claim that they are unable to meet the motion without complete discovery, and the Court must allow them to complete their discovery in this regard. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Cf. Gay v. Wall,* 761 F.2d 175 (4th Cir.1985). Therefore, the order to be entered herein will provide that defendant's motion for summary judgment as to the counterclaim be denied, without prejudice to renewal of the same on or before October 6, 1988.

### ORDER

For the reasons stated in the foregoing Memorandum, IT IS, this 8th day of September, 1988, by the Court, ORDERED:

---

* The fact that the Helms court held that the plaintiff therein also had a negligence claim against the advertising agency is inconsequential because that holding was premised on Texas law, 794 F.2d at 193–94, and the rule in Maryland is to the contrary, see *Flow Indus.,* 683 F.Supp. at 530. See also *21st Century Properties Co. v. Carpenter Insulation & Coatings Co.,* —— F.Supp. ——, Civil No. JFM 87–2208 (D.Md., Sept. 2, 1988).

1. That the defendant's motion for summary judgment as to Count One BE, and the same hereby IS, GRANTED;

2. That defendant's motion for summary judgment as to Count Two BE, and the same hereby IS, GRANTED *in part*, in that consequential damages will not be allowed;

3. That defendant's motion for summary judgment on its counterclaim BE, and the same hereby IS, DENIED, without prejudice to timely renewal; and

4. That the Clerk of Court mail copies of the foregoing Memorandum and of this Order to counsel for the parties.